FILED
2013 Feb-26  PM 03:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

ELIZABETH NEELY,

      Plaintiff,

vs.                                CASE NO. CV-12-J-3975-NE

OFFICER M. TUCKER, et al.,

      Defendants.

## MEMORANDUM OPINION

Pending before the court is defendant Charles E. Hagood's motion for summary judgment (doc. 8), memorandum and evidence in support of said motion (docs 9-10); defendant Mark Hudson's motion to dismiss (doc. 11); defendant Michael Tucker's motion to dismiss (doc. 12); Hudson and Tucker's joint brief and evidence in support of said motions (docs. 13-14); and defendant Philip Keel's motion to dismiss (doc. 15). On February 11, 2013, the court entered a submission order (doc. 17), allowing the plaintiff until February 25, 2013, to respond to the pending motions. The court has not received any response from the plaintiff, although said deadline has expired. Therefore, having considered the pending motions on the record before it, the court finds as follows:

**Factual Background**

The plaintiff, Elizabeth Neely, filed suit based the search of her vehicle and subsequent arrest on December 23, 2010. Complaint, at 3-4. She asserts these actions violated her rights under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Complaint, at 4. Although hard to decipher from the plaintiff's complaint, she apparently sues for violations of the above constitutional rights, through 42 U.S.C. § 1983, as well as malicious prosecution, abuse of process, false imprisonment, and defamation.

According to the plaintiff's complaint, she was in the parking lot of a store, met a co-worker and began a conversation with the co-worker concerning work related issues. Complaint, at 3. They continued the conversation in the co-worker's car, drove to another store, and returned to the parking lot where they met. *Id.* The plaintiff got back in her car, whereupon Huntsville Police Officer Tucker stopped the plaintiff and searched her car. *Id.* Because the search revealed contraband in plaintiff's vehicle, Officer Tucker placed the plaintiff under arrest and brought her to the Huntsville City Jail. *Id.*, at 4. The plaintiff complains that her car was searched and she was arrested without a warrant. *Id.* Based on her arrest, the plaintiff was terminated from her employment, although the charges against her were later nolle prossed. *Id.*, at 5, and exhibit A to complaint.

2

## Summary Judgment Standard

A moving party is entitled to summary judgment if there is no genuine issue of material fact, leaving final judgment to be decided as a matter of law. *See* Federal Rule of Civil Procedure 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S.Ct. 1348, 1355-56 (1986); *Reeves v. C.H. Robinson Worldwide, Inc*., 525 F .3d 1139, 1143 (11th Cir.2008). The facts, and any reasonable inferences therefrom, are to be viewed in the light most favorable to the non-moving party, with any doubt resolved in the non-movant's favor. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158, 90 S.Ct. 1598, 1609 (1970). Once met by the moving party, however, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party' case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986); *Earley v. Champion Int'l Corp*., 907 F.2d 1077, 1080 (11th Cir.1990).

A party opposing a properly submitted motion for summary judgment may not rest upon mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Eberhardt v. Waters*, 901 F.2d 1578, 1580 (11th Cir.1990). In addition, the non-moving party's evidence on rebuttal must be significantly probative and not based on mere assertion or be merely colorable. *See* Rule 56(e); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249-50, 106 S.Ct.

2505, 2511 (1986). Speculation does not create a genuine issue of fact. *Cordoba v. Dillard's, Inc*., 419 F.3d 1169, 1181 (11th Cir.2005).

## Motion to Dismiss Standard

In reviewing motions to dismiss, the court must "accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). See also *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.,* 144 F.3d 732, 735 (11th Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

A motion to dismiss is granted "only when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Sonyika*, 394 F.3d at 1338, citing *Spain v. Brown & Williamson Tobacco Corp*., 363 F.3d 1183, 1187 (11th Cir.2004)(*quoting Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). *See also Jackson v. Okaloosa County, Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994)(stating that the court "must accept as true the facts stated in the complaint and all reasonable inferences therefrom").

4

**Legal Analysis**

**A. Motion for Summary Judgment by Defendant Charles Hagood (doc. 8)**

Defendant Hagood asserts that he had no involvement in the search of plaintiff's car, plaintiff's arrest, plaintiff's detention, or plaintiff's prosecution. Hagood memorandum (doc. 9), at 3, 5. The plaintiff alleges defendant Hagood is the "City Clerk Treasurer" for the City of Huntsville. Complaint, at 2. She states no cause of action against him, and provides no basis for him to be held liable for any of her state law or constitutional claims. As such, the court has nothing before it which creates a genuine issue of material fact concerning defendant Hagood. The plaintiff has put forth no theory on which defendant Hagood could plausibly be liable to plaintiff for any injury she alleges.

The plaintiff has identified no basis on which defendant Hagood individually, or in his capacity as Huntsville City Clerk-Treasurer, could be liable to the plaintiff for any of the events she sets forth in her complaint. Thus finding no genuine issue of material fact exists, the court is of the opinion that defendant Hagood's motion for summary judgment (doc. 8), is due to be granted, and shall so rule by separate order.

**B. Motions to Dismiss by Defendants Mark Hudson and Michael Tucker (docs. 11 and 12)**

Defendant Hudson was the Huntsville Chief of Police during the relevant time period, and defendant Tucker was the arresting officer. These defendants challenge

service of the plaintiff's complaint under Rule 12(b)(5), Fed.R.Civ.P.  According to these defendants, the plaintiff served them by sending a copy of the summons and complaint, by certified mail, to the Huntsville Police Department Headquarters. According to defendant Hudson's affidavit, he retired from the Huntsville Police Department on April 1, 2012.  Affidavit of Hudson, at 2.  As of that date, no person at the City of Huntsville or the Huntsville Police Department has authority to accept service of process on his behalf.

Defendant Tucker has submitted a copy of his Order to Active Duty, dated May 17, 2012, which required him to report as of June 23, 2012.  Exhibit C (doc. 14).  The court has no evidence before it that defendant Tucker has since returned from active duty.  By affidavit, the supply clerk for the Huntsville Police Department states while he did sign for the certified mail addressed to defendant Tucker, as well as defendant Hudson, he has no authority to accept service of process on their behalf.  Affidavit of William Barron, submitted as Exhibit A (doc. 14).

Although certified mail is not recognized as a form of permissible service under the Federal Rules of Civil Procedure, those Rules do permit service according to state law procedures.  Fed.R.Civ.P. 4(e)(1).  The Alabama Rules of Civil Procedure permit service by certified mail, but such mail must be delivered to and signed for by the named addressee or the named addressee's authorized agent.  *See* Ala.R.Civ.P 4(i)(2)(C).  The plaintiff bears the burden of establishing the validity of service.

"When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." *Bank of America Corp. v. Edwards*, 881 So.2d 403, 405 (Ala.2003).

Because the plaintiff has failed to respond to the motion to dismiss on this basis, the court has no evidence before it that service upon the Huntsville Police Department was a proper method of service of defendants Hudson and Tucker. As such, the court shall grant defendants Hudson and Tucker's motions to dismiss by separate order. The court shall allow the plaintiff additional time to properly perfect service on these two defendants, as further set forth herein.

## C. Defendant Philip Keel's Motion to Dismiss (doc. 15):

Defendant Keel is named only in plaintiff's state law claim based on defamation. The plaintiff asserts defendant Keel informed "the President of the Board of New Market Recreation Center that the Plaintiff, Elizabeth Neely, had been arrested for selling 'crystal meth.'" Complaint, at 6. Defendant Keel asserts numerous valid grounds in his motion, any one of which may be dispositive of the plaintiff's claim against him.

The plaintiff does not assert when, where, how, or why this alleged communication took place. The plaintiff filed this action due to her arrest, thus the court questions whether the relaying of information that the plaintiff was arrested

could possibly be false.

Putting aside these basic pleading deficiencies, the court addresses just one of defendant Keel's bases for his motion to dismiss as it is dispositive of the claim against him in this court.  Defendant Keel asserts that plaintiff's state-law defamation claim is not part of the same case or controversy as plaintiff's arrest, detention, or prosecution, and therefore the court should decline to exercise supplemental jurisdiction under the authority of 28 U.S.C. § 1367(C).

As correctly pointed out by defendant Keel, the court does not have diversity jurisdiction in this action, as both plaintiff and defendants are Alabama residents. Rather, the plaintiff's state law claims are wholly dependant on the existence of federal jurisdiction pursuant to 28 U.S.C. § 1331.  To exercise supplemental jurisdiction, the claims must be "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See, e.g., Hudson v. Delta Air Lines, Inc*., 90 F.3d 451, 455 (11th Cir.1996) (holding that in deciding whether a state law claim is part of the same case or controversy as a federal issue, a court looks to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence); *Roberts v. Lakeview Cmty. Hosp*., 985 F.Supp. 1351, 1351-52 (M.D.Ala.1997) (dismissing for lack of jurisdiction state law battery claims against a doctor from suit against hospital pursuant to Title VII for employment

8

discrimination).

> The test is whether the claims asserted "derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based. We do not look at the results that may flow from the implications of finding that supplemental jurisdiction does not exist. It is not a results-oriented analysis, but a fact-oriented one.

*Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679

(11th Cir.2012). *See also Gill v. McCollum*, 361 Fed.Appx. 69, 70 (11th Cir.2010).

The claims in this case against the other defendants, and the basis for this court's jurisdiction, arise out of the arrest, detention, and prosecution of the plaintiff. The plaintiff's claim for defamation arises out of a wholly separate, and assumably later, incident in which a Huntsville Police Officer informed the President of the Board of a Recreation Center that the plaintiff was arrested for selling illegal drugs. Whether or not this comment was ever made, and whether or not the same is false, has no bearing on whether plaintiff's arrest and detention violated her constitutional rights. Considering the relevant factors, the court cannot find that the claims involve the same facts or similar occurrences, witnesses or evidence.

In consideration of the foregoing, the court will grant defendant Keel's motion to dismiss and dismiss the defamation claim from this action, by separate order.

## **Conclusion**

Having considered the foregoing, the court will grant summary judgment in favor of defendant Hagood and against the plaintiff.  The court will also grant defendant Hudson and Tucker's motions to dismiss pursuant to Rule 12(b)(5), Fed.R.Civ.P., with leave for the plaintiff to obtain proper service.  The court shall also grant defendant Keel's motion to dismiss.  Finally, the court shall dismiss the complaint, without prejudice to the plaintiff's right to file an amended complaint which complies with this opinion and contemporaneous order.  Upon such refiling, the court will reinstate this action, and allow the plaintiff time to obtain proper service

**DONE** this the 26th day of February, 2013.

INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE